**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**HAMMOND DIVISION**

CHERYL JANKY,                                )
     Plaintiff,                             )
                                 )
     v.                                       )          CAUSE NO.: 3:05-CV-217-PRC
                                 )
LAKE COUNTY CONVENTION & VISITORS            )
BUREAU,                                      )
     Defendant.                             )

**OPINION AND ORDER**

This matter is before the Court on Plaintiff's Motion for Impoundment and Injunctive Relief

for Defendants' Continued Conduct in Violation of Court's March 29, 2006 Order and Copyright

Act [DE 137], filed by Plaintiff Cheryl Janky on June 8, 2006.[1]  Defendant Lake County Convention

and Visitors Bureau ("LCCVB") filed a response on June 12, 2006.  Plaintiff filed an untimely reply

on July 5, 2006, without leave of Court.[2]  This matter is also before the Court on Defendant Lake

County Convention & Visitors Bureau's Motion for Leave to File a Surreply, If Necessary, to

Plaintiff's Response to the Motion for Impoundment and Injunctive Relief [DE 163], filed by

LCCVB on July 6, 2006, and Plaintiff Cheryl Janky's Motion for Leave to File a Surrreply[sic], If

Necessary, to Defendant's Surreply, to Plaintiff's Response to the Motion for Impoundment and

Injunctive Relief [DE 174], filed by Plaintiff on July 21, 2006.

In the Motion for Impoundment, Ms. Janky provides a copy of a page from a website for

Street Gold Records on which the "Doo-It Doo-Wop" album is offered for sale.  The "Doo-It Doo-

---

[1] Although Ms. Janky has included "Spero Batistatos" as a defendant in the caption of her motion, no such
individual is a named Defendant in this action.

[2] In this untimely reply, Ms. Janky writes: "Defendant's unlawful DNA 'fact' tracks are deeply and unlawfully
embedded in horse manure, if not on their hands." Pl. Reply, p. 2.  The Court finds that this language is inappropriate
in Court documents and admonishes Plaintiff to refrain from using such language in future filings.

Wop" album contains a performance of the revised song that is the subject of the Court's prior orders on summary judgment and reconsideration finding infringement by LCCVB. Ms. Janky alleges, without evidentiary support, that LCCVB "arranged for its partner, Street Gold, to promote, disseminate and distribute the Doo-It-Doo-Wop album from its website in 2000." Pl. Br., p. 5. She then argues that LCCVB has not demonstrated that it has ceased all copyright infringement activities related to the album. As a result of the offer for sale of the "Doo-It Doo-Wop" album on the Street Gold Records website, Ms. Janky seeks an order of the Court for impoundment and injunctive relief under the Copyright Act.

Ms. Janky has not offered any evidence in her motion to demonstrate that LCCVB has continued to use the revised song or sell the "Doo-It Doo-Wop" album after its letters indicating that it had so ceased in 2003. Ms. Janky incorrectly refers to Mr. Farag, Street Gold Records, and LCCVB interchangeably as "Defendants" throughout her brief motion. Ms. Janky's claims against Mr. Farag, who is the sole proprietor of Street Gold Records, have been stayed pursuant to 11 U.S.C. § 362 as a result of Mr. Farag's bankruptcy proceeding.[3] As for LCCVB, Ms. Janky has offered no

---

[3] On October 3, 2003, Ms. Janky filed a Complaint against Henry Farag, Street Gold Records, and LCCVB in the United States District Court for the Eastern District of Michigan. On January 7, 2004, Mr. Farag filed an Answer and Counterclaim. On March 31, 2005, this matter was transferred to the United States District Court for the Northern District of Indiana.

On July 28, 2005, Mr. Farag's bankruptcy counsel filed a Notice for Stay on Proceedings [DE 32]. In the Notice, Mr. Farag represents that on February 16, 2005, Mr. Farag filed a voluntary petition for relief under Chapter 7 of the United States Bankruptcy Code with the United States Bankruptcy Court for the Northern District of Indiana, and an Order for Relief was entered therein under Case No. 05-60660. Pursuant to 11 U.S.C. § 362(a), the filing of Farag's petition operated as a stay of the continuation of this judicial proceeding against him. On July 28, 2005, the Court entered an order staying this matter as to Henry Farag. On October 19, 2005, the Court further stayed this matter as to Street Gold Records, as a sole proprietorship of Mr. Farag. The case remained pending against LCCVB. In that Order, the Court indicated that the Court retained jurisdiction over the case against Henry Farag and Street Gold Records and that the case "shall be restored to the trial docket upon motion of a party if circumstances change so that it may proceed to final disposition."

On January 12, 2006, as an attachment to her reply brief in support of her motion to dismiss Mr. Farag's Counterclaim, Ms. Janky filed a copy of one page of the docket sheet for Mr. Farag's Bankruptcy Petition # 05-60600, which appears to contain the last 4 entries on the docket sheet as of January 12, 2006. The printout represents that on December 5, 2005, an Order Discharging Debtor (Admin.) was entered and that an Order Closing Case was entered on

evidence that LCCVB is in any way responsible for the content of Street Gold Record's website, that LCCVB has any control or authority over the actions of Street Gold Records, or that LCCVB and Street Gold Records have an agreement or "partnership" for the continued sale of the "Doo-It Doo-Wop" album on the Street Gold Records website.  Ms. Janky offers various "proposals" by Street Gold Records to LCCVB in 2000 regarding a "potential joint venture" between LCCVB and Street Gold Records regarding the inclusion of the revised song on the "Doo-It Doo-Wop" album. She also offers a summary of promotional benefits received by Stormy Weather from LCCVB in 1999 due to the promotion of the group through various avenues by LCCVB.  However, none of these documents even suggest that LCCVB has any control over the Street Gold Website or that LCCVB has any ownership interest in the "Doo-It Doo-Wop" album or the revised song.

A January 6, 2004 letter from LCCVB's attorney represents that LCCVB had ceased using the revised song and that there was no place on LCCVB's website to purchase the song or the album. In his deposition, Mr. James Tsismanakis, the former President and CEO of LCCVB, testifies that LCCVB stopped using the revised song upon the initiation of this lawsuit, that LCCVB did not have a relationship with Mr. Farag during his tenure with LCCVB from 2001-2004, and that LCCVB is no longer selling the "Doo-It Doo-Wop" album in its gift shop.  In their 2004 depositions, both Richard Henson and Heather Becerra testified that the album was no longer being sold in LCCVB's gift shop.  Speros Batistatos has also provided a declaration testifying that LCCVB stopped all use of the revised song upon the institution of this lawsuit and that it has never resumed.

---

December 16, 2005.

Regardless of whether LCCVB and Street Gold Records entered into an agreement in 1999 and 2000 with promotional goals, Ms. Janky has offered no evidence that LCCVB continued to use or to promote the revised song or the "Doo-It Doo-Wop" album after the institution of this lawsuit by Ms. Janky, that LCCVB is itself currently offering the album for sale, that LCCVB has any control over Street Gold Records and its website, or that LCCVB currently has a working partnership with Street Gold Records.[4]  The evidence of record offered in opposition to this motion demonstrates the contrary.  As a result, the Court denies Ms. Janky's request, in the opening sentence of her supporting brief, to take judicial notice of "Defendants' conduct to date on June 7, 2006," P. Br., p. 4, as the Court has found that the evidence offered by Ms. Janky does not support the proposition she advances.  *See* Fed. R. Ev. 201(b).

On a final note, LCCVB asserts in its response brief that the "records are clear that LCCVB understood it was purchasing a song (work-for-hire) that it could use to advertise Lake County, be it through an infomercial (video) or otherwise."  Def. Br., p. 3.  As noted in footnote 2 on page 11 of the Court's Order on summary judgment [DE 88], LCCVB has not offered any evidence in support of a "work-for-hire" theory or even attempted to demonstrate that the facts of this case meet the legal standard for "work-for-hire" under 17 U.S.C. § 101, and the Court held that LCCVB had waived its right to assert that the revised song was a work for hire on summary judgment.

---

[4] In her untimely reply brief, Ms. Janky, for the first time, asserts a theory of "partner by estoppel" under Indiana Code § 23-4-1-16, asserting, oddly, that Mr. Farag has *not* denied that there was a partnership and in fact has testified that he considered Speros Batistatos, through LCCVB, to be a partner.  However, the theory of "partner by estoppel" serves to protect those to whom a representation of partnership has been made, although the individual represented to be a partner in fact is *not* a partner.  Accordingly, the statutory theory of "partner by estoppel" is inapplicable.  Although Ms. Janky appears to be alleging the creation of a formal partnership in her opening motion, she has not attempted to set forth or satisfy the legal requirements of Ind. Code § 23-4-1-6, which defines "partnership:"  "A partnership is an association of two (2) or more persons to carry on as co-owners a business for profit and includes for all purposes of the laws of this state a limited liability partnership."  Although the various proposals by Farag suggest a mutual benefit in terms of advertising and promotion for both LCCVB and Stormy Weather, there is no indication that the arrangement is for profit, or, for that matter, that there is any "business" established by them.

Accordingly, the Court now (1) **DENIES** Plaintiff's Motion for Impoundment and Injunctive Relief for Defendants' Continued Conduct in Violation of Court's March 29, 2006 Order and Copyright Act [DE 137]; (2) **DENIES as moot** Defendant Lake County Convention & Visitors Bureau's Motion for Leave to File a Surreply, If Necessary, to Plaintiff's Response to the Motion for Impoundment and Injunctive Relief [DE 163]; and (3) **DENIES as moot** Plaintiff Cheryl Janky's Motion for Leave to File a Surrreply[sic], If Necessary, to Defendant's Surreply, to Plaintiff's Response to the Motion for Impoundment and Injunctive Relief [DE 174].

The Court **DENIES** LCCVB's request in its response brief to strike Ms. Janky's Motion for Impoundment, to award sanctions against Ms. Janky for the filing of the Motion for Impoundment, and to dismiss her claim pursuant to Rule 41(b).

SO ORDERED this 22nd day of September, 2006.

s/ Paul R. Cherry
MAGISTRATE JUDGE PAUL R. CHERRY
UNITED STATES DISTRICT COURT

cc:    All counsel of record