UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| CHERYL JANKY, ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CAUSE NO.: 3:05-CV-217-PRC |
| ) | |
| LAKE COUNTY CONVENTION & VISITORS ) | |
| BUREAU, ) | |
| Defendant. ) | |

**OPINION AND ORDER**

This matter is before the Court on (1) Plaintiff's Motion to Add Speros Batistatos as an Indispensable Party Under Fed. R. Civ. P. 18 and 19 [DE 155], filed by Plaintiff Cheryl Janky on June 30, 2006; (2) Plaintiff's Motion to Add Key Board Officers as Indispensable Parties Under Fed. R. Civ. P. 18 and 19 [DE 158], filed by Plaintiff on July 4, 2006; and (3) Amended Plaintiff's Motion to Add Key Board Officers as Indispensable Parties Under Fed. R. Civ. P. 18 and 19 [DE 160], filed by Plaintiff on July 5, 2006.  The motions are fully briefed.

*A. Rule 18 - Joinder of Claims*

Federal Rule of Civil Procedure 18 provides that "[a] party asserting a claim to relief as an original claim, counterclaim, cross-claim, or third-party claim, may join, either as independent or as alternate claims, as many claims, legal, equitable, or maritime, as the party has against an opposing party."  Fed. R. Civ. P. 18.  Ms. Janky has not asserted any new claims in either of the instant motions.  Notably, Ms. Janky does not offer any argument in her reply briefs in support of Rule 18 as a basis for the relief sought in her motions.  Accordingly, any relief sought in her motions pursuant to Rule 18 is denied.

*B. Rule 19 - Joinder of Parties*

Ms. Janky seeks leave of Court to join Speros Batistatos and other board members as necessary parties pursuant to Federal Rule of Civil Procedure 19. Before addressing whether Ms. Janky has met the requirements of Rule 19, the Court turns to Defendant Lake County Convention and Visitors Bureau ("LCCVB")'s argument pursuant to the Indiana Tort Claims Act ("ITCA") and to the timeliness of Ms. Janky's motions.

In its response briefs, LCCVB asserts that the ITCA precludes suit against these people in their individual capacities. However, as set forth by the Court in its March 19, 2006 Order on summary judgment, the ITCA is not applicable to Ms. Janky's federal copyright claim, the only claim remaining in this case that may serve as the basis for the relief sought by Ms. Janky against these individuals.[1] *See McLaughlin v. Tilendis*, 398 F.2d 287, 290 (7th Cir. 1968) ("Under the Supremacy Clause, [the Illinois Tort Claims Act] cannot protect defendants against a cause of action grounded, as here, on a federal statute."); *see also Wade v. City of Pittsburgh*, 765 F.2d 405, 407-08 (3d Cir. 1985) (holding in a copyright infringement action that, although a tort claims act is effective against a state tort claim, "[t]he supremacy clause of the Constitution prevents a state from immunizing entities *or individuals* alleged to have violated federal law"); *Mary Doe v. Lance*, NO. 3:95-V-736RM, 1996 WL 663159, *5 (N.D. Ind. Oct. 30, 1996) ("Indiana law does not determine the subject-matter jurisdiction of the federal courts, but compliance with state jurisdictional requirements is a predicate for a state law claim."). Accordingly, the ITCA does not serve as a basis to deny the motions to join Speros Batistatos and board members to Ms. Janky's federal copyright claim.

---

[1] On March 29, 2006, the Court dismissed all of Ms. Janky's state law claims as set forth in Counts II-VI of her Complaint.

Regardless, the Court finds that both of Ms. Janky's motions are untimely and both motions are denied on that basis.  On July 21, 2005, the Court entered a scheduling order and set August 1, 2005 as the deadline to amend pleadings.  The discovery deadline was October 28, 2005.  Notably, neither motion was filed prior to the original trial date of June 12, 2006, for which Ms. Janky and her counsel appeared despite the Court's June 7, 2006 Order continuing the trial.  Ms. Janky has offered no explanation for the untimeliness of either motion.  As to the motion to join board members, all of Ms. Janky's allegations relate to the time period beginning from July 2, 2003, through the present, and the allegations are coextensive with the relief sought in her June 8, 2006 Motion for Impoundment and Injunctive Relief.  However, Ms. Janky has offered no explanation as to why she did not include these allegations in her original complaint or attempt to add them prior to the deadline for the amendment of pleading or even prior to the trial date (even though such an amendment would still have been untimely).  Nor does the recent filing of the Motion for Impoundment and Injunctive Relief change the fact that the evidence offered by Ms. Janky in support of her motion to join the board members as defendants were known to her well in advance of all relevant deadlines.  Although neither of Ms. Janky's prior untimely attempts to file an amended complaint included either Speros Batistatos or board members as defendants, it appears that Ms. Janky is now utilizing the procedural vehicle of Rule 19 to escape the deadline for the amendment of pleadings.  To the extent this Rule 19 motion is simply a motion to amend complaint, the proposed amendment is unduly delayed.  *Sanders v. Venture Stores, Inc.*, 56 F.3d 771, 773 (7th Cir.1995).  In light of the Ms. Janky's failure to show good cause pursuant to Federal Rule of Civil Procedure 16 and given the Court's multiple prior admonitions of Ms. Janky for failure to comply with Court-ordered deadlines, both motions are denied as untimely.

3

Despite the untimeliness of the motions, the Court briefly considers the substance of the motions in light of Federal Rule of Civil Procedure 19, which provides:

> A person who is subject to service of process and whose joinder will not deprive the court of jurisdiction over the subject matter of the action shall be joined as a party in the action if *(1) in the person's absence complete relief cannot be accorded among those already parties, or (2) the person claims an interest relating to the subject of the action and is so situated that the disposition of the action in the person's absence may (i) as a practical matter impair or impede the person's ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of the claimed interest.* If the person has not been so joined, the court shall order that the person be made a party. If the person should join as a plaintiff but refuses to do so, the person may be made a defendant, or, in a proper case, an involuntary plaintiff. If the joined party objects to venue and joinder of that party would render the venue of the action improper, that party shall be dismissed from the action.

Fed. R. Civ. P. 19(a). In her motions, Ms. Janky does not set forth the standard for Rule 19 or attempt to show how the facts she alleges meet this standard other than to simply assert that they are "necessary" parties. For neither Batistatos nor the board members does Ms. Janky allege that their absence will impede their ability to protect their interests, that any current parties are subject to a substantial risk of incurring double, multiple or otherwise inconsistent obligations by reason of their interests as required under the second option for Rule 19 joinder.

Accordingly, the Court will consider each motion in turn under the first option, whether "in the person's absence complete relief cannot be accorded among those already parties." Fed. R. Civ. P. 19(a)(1). Importantly, "the term 'complete relief' refers only to 'relief between the persons already parties . . . not [to relief] between a party and the absent person whose joinder is sought.'" *Davis Cos. v. Emerald Casino, Inc.*, 268 F.3d 477, 481 (7th Cir. 2001).

4

1.  Speros Batistatos

Ms. Janky asserts that Speros Batistatos is a necessary and indispensable party to the adjudication of her claims because he was involved in the negotiations with Mr. Farag in 2000 regarding a mutually beneficial partnership to promote Lake County by using the revised song and promoting the "Doo-It Doo-Wop" Album, which contained the revised song. Ms. Janky alleges, without explanation or factual support, that Batistatos exceeded the scope of LCCVB's authority and his office when he entered into the "partnership" with Mr. Farag. Ms. Janky also alludes to, without reference to any facts or evidence, a conspiracy formed to deprive Ms. Janky of her rights under the Copyright Act.

Ms. Janky has not explained why complete relief cannot be had in the absence of Batistatos other than making a bald assertion that complete relief cannot be accorded, and she has failed to allege any facts showing that Batistatos acted in any capacity other than in his representation of LCCVB. As any recovery for LCCVB's infringement through the actions of Batistatos, who was president of LCCVB, or the board members for that matter, will be against LCCVB, complete relief can be granted without the joinder of Batistatos. Also, the interests of LCCVB are represented by LCCVB and its counsel; thus, all necessary parties are before the Court and joinder of Batistatos is unnecessary. Furthermore, the relevant actions taken by Batistatos alleged by Ms. Janky as the basis of her claims in this action against LCCVB can be demonstrated through deposition and direct testimony as well as documentary evidence without joining him to the action.

2. "Key Board Members"

In her motion, Ms. Janky's allegations against the board members are factually identical to the allegations set forth in her Motion for Impoundment and Injunctive Relief [DE 137], which the Court denied in its entirety on September 20, 2006. Without completely restating the basis of that motion and the Court's ruling, essentially, Ms. Janky asserts that LCCVB continues to infringe her copyright by Street Gold Record's continued sale of the "Doo-It Doo-Wop" album on Street Gold Record's website. The Court denied the motion for impoundment and injunctive relief on the basis that Ms. Janky had not offered any evidence of an ongoing relationship between LCCVB and Street Gold Records or that LCCVB continued to infringe Ms. Janky's copyright after the institution of the lawsuit. None of the evidence (Exhibits B, C & D) offered by Ms. Janky in support of the instant motion supports her contention that LCCVB pretended to cease selling the revised song on June 13, 2003. Nor does any of the evidence or reasoning offered by Ms. Janky support her contention that the actions of the board members exceeded the scope of their individual lawful duties. As the Court has already denied the motion for impoundment and injunctive relief and as Ms. Janky has not offered any other basis for a cause of action against these board members, the motion is denied.

## CONCLUSION

Based on the foregoing, the Court **DENIES** Plaintiff's Motion to Add Speros Batistatos as an Indispensable Party Under Fed. R. Civ. P. 18 and 19 [DE 155], **DENIES** Plaintiff's Motion to Add Key Board Officers as Indispensable Parties Under Fed. R. Civ. P. 18 and 19 [DE 158], and **DENIES** Amended Plaintiff's Motion to Add Key Board Officers as Indispensable Parties Under

Fed. R. Civ. P. 18 and 19 [DE 160].  The Court further **DENIES** LCCVB's request in the conclusion of its response brief to dismiss Ms. Janky's entire complaint pursuant to Rule 41(b).

SO ORDERED this 22nd day of September, 2006.

s/ Paul R. Cherry
MAGISTRATE JUDGE PAUL R. CHERRY
UNITED STATES DISTRICT COURT

cc:     All counsel of record