UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| CHERYL JANKY, )<br>    Plaintiff, )<br> )<br>v. )<br> )<br>LAKE COUNTY CONVENTION & VISITORS )<br>BUREAU, )<br>    Defendant. ) | CAUSE NO.: 3:05-CV-217-PRC |

**ORDER**

This matter is before the Court on Defendant Lake County Convention & Visitors Bureau's Motion In Limine Barring Plaintiff From Referring To Any Other Case Or Litigation Involving Lake County Convention & Visitors Bureau And In Particular, The (sic) Jeffrey G. Scalf vs. LCCVB [DE 196], filed by Lake County Convention & Visitors Bureau on February 8, 2007. It is accompanied by Defendant Lake County Convention & Visitors Bureau's Brief In Support of Motion In Limine Barring Plaintiff From Referring To Any Other Case or Litigation Involving Lake County Convention & Visitors Bureau And In Particular, The (sic) Jeffrey G. Scalf vs. LCCVB [DE 197], also filed February 8, 2007.

On February 21, 2007, Plaintiff Cheryl Janky, by counsel, filed Plaintiff Cheryl Janky's Response In Opposition To Defendant Lake County Convention & Visitors Bureau's Motion In Limine Barring Plaintiff From Referring To Any Other Case Or Litigation Involving Lake County Convention And Visitor's Bureau And In Particular, The (sic) Jeffrey G. Scalf vs. LCCVB [DE 205].

On February 27, 2007, Defendant LCCVB filed Defendant Lake County Convention & Visitors Bureau's Reply To Plaintiff's Response In Opposition To Defendant LCCVB's Motion in Limine Barring Plaintiff From Referring To Any Other Case Or Litigation Involving Lake County Convention & Visitors Bureau And In Particular, The (sic) Jeffrey G. Scalf vs. LCCVB [DE 207].

In the Motion, Defendant Lake County Convention & Visitors Bureau (hereinafter referred to as LCCVB) seeks an order in limine from the Court barring Plaintiff Cheryl Janky from making any reference in the presence of the jury to a disputed matter between LCCVB and Jeffrey G. Scalf. That dispute centered around use by LCCVB of artifacts related to the infamous bankrobber John Dillinger intended for use by LCCVB in a museum type of historical exhibit. Plaintiff Cheryl Janky opposes the issuance of such an order in limine and wishes to refer to the Scalf matter in the presence of the jury through presentation of trial evidence and, presumably, in closing argument to the jury.

**DISCUSSION**

The instant case between Plaintiff Cheryl Janky and Defendant LCCVB concerns alleged copyright infringement for unauthorized use by LCCVB of a song. Plaintiff Janky wishes to attempt to prove by trial evidence, on the issue of damages, that LCCVB acted willfully in infringing upon her copyright. The burden of proof to establish that proposition rests upon the Plaintiff. Plaintiff Janky wishes to present evidence at trial suggesting that LCCVB knowingly or intentionally committed wrongful or unauthorized use of the John Dillinger artifacts, thus inferring that LCCVB acted willfully in infringing upon her copyright based upon LCCVB's past practices and conduct in the John Dillinger matter. Defendant LCCVB asserts that such evidence and references are both irrelevant and unduly prejudicial.

Jeffrey G. Scalf (presumably a descendent of John Dillinger) filed a lawsuit against LCCVB over the Dillinger artifact dispute. The lawsuit was resolved by private out-of-court settlement between those parties. It did not culminate in any adjudication by a court nor a judicial finding of impropriety by LCCVB nor any admission of impropriety by LCCVB.

The fact situation underlying this instant case is based upon events which occurred in 1999. The fact situation underlying the Scalf vs. LCCVB matter was based on events which occurred in 2001.

The Scalf lawsuit against LCCVB was based upon the statutory provisions of Indiana Code 32-36-1-1- through 32-36-1-20 rather than on federal copyright statutes and case law.

## ANALYSIS

Federal Rule of Evidence 402 provides:

All relevant evidence is admissible, except as otherwise provided by the Constitution of the United States, by Act of Congress, by these rules, or by other rules prescribed by the Supreme Court pursuant to statutory authority. Evidence which is not relevant is not admissible.

Federal Rule of Evidence 403 provides:

Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice.

The Court finds that the fact situation of LCCVB's conduct in the Scalf-Dillinger matter (whether that conduct was proper or improper) is irrelevant to the issues in the instant case because:

A. LCCVB's conduct in the Scalf-Dillinger fact situation occurred after the conduct in this matter occurred;

B. The theory of liability alleged in the Scalf vs. LCCVB matter was based upon a state statute (I.C. 32-36-1-1 through 32-36-1-20) which establishes a legal right to use publicity about a person and which (at I.C. 32-36-1-1(c)) specifically does not apply to musical compositions, while the theory of liability in this matter is based upon federal copyright statutes and case law and applies to a musical composition;

C. The Scalf vs. LCCVB dispute did not result in any adjudication by a court nor a judicial finding of impropriety by LCCVB nor any admission of impropriety or liability by LCCVB.

The Court further finds that any reference in the presence of the jury in this instant case to the Scalf vs. LCCVB matter and its underlying facts would present the risk of unfair prejudice to LCCVB.

## CONCLUSION

Accordingly, the Court now **GRANTS** Defendant Lake County Convention & Visitors Bureau's Motion In Limine Barring Plaintiff From Referring To Any Other Case Or Litigation Involving Lake County Convention & Visitors Bureau And In Particular, The (sic) Jeffrey G. Scalf vs. LCCVB [DE 196].  Plaintiff Cheryl Janky and her counsel shall not make any references whatsoever at the trial of this case, in the presence of the jury, to the Scalf vs. LCCVB lawsuit nor any of its underlying facts.

So ORDERED this 7th day of March, 2007.

s/ Paul R. Cherry<br>
MAGISTRATE JUDGE PAUL R. CHERRY<br>
UNITED STATES DISTRICT COURT

cc:     All counsel of record