```
                    UNITED STATES DISTRICT COURT
                    NORTHERN DISTRICT OF INDIANA
                          HAMMOND DIVISION


CHERYL JANKY,                    )
                                 )
          Plaintiff              )
                                 )
     v.                          )    Case No. 3:05 cv 217
                                 )
HENRY FARAG, STREET GOLD         )
RECORDS, LAKE COUNTY CONVENTION  )
AND VISITORS BUREAU,             )
                                 )
          Defendants             )
```

OPINION AND ORDER

This matter is before the court on the Motion for Entry of Order on Amount Owed on Judgment Reflective of Set-off Pursuant to FRCP 58 filed by the defendants, Lake County Convention & Visitors Bureau, on May 7, 2007 (DE 264), and the Motion to Quash the Subpoena Issued in Cheryl Janky v. Lake County and For a Protective Order filed by the plaintiff, Cheryl Janky, on May 31, 2007 (DE 275). For the reasons set forth below, the Motion for Entry of Order on Amount Owed (DE 264) is **GRANTED**, and the Motion to Quash the Subpoena (DE 275) is **DENIED**.

Background

On March 16, 2007, a jury concluded that the defendant, Lake County Convention & Visitors Bureau ("Bureau") had infringed on the plaintiff's, Cheryl Janky's, copyright in the song, "Wonders of Indiana," and awarded $100,000 in damages. A Clerk's entry of judgment was entered on the docket on March 19, 2007.  Magistrate Judge Paul R. Cherry presided over the trial.  On May

5, 2007, Judge Cherry recused himself and this case was assigned to the undersigned judge.

Three days later, the Bureau sought to alter the judgment and reduce it by an amount equal to sanctions that had been ordered against the plaintiff and her attorney. Earlier in the case, Janky was sanctioned $12,130.13 by the court pursuant to Federal Rule of Civil Procedure 37(c) based upon the plaintiff's continued assertion that jurisdiction in Michigan was present long after it became clear that Michigan jurisdiction was not proper.  (DE 149) Her attorney, Gregory Reed, separately was sanctioned on November 3, 2006, for filing a motion for impound-ment and injunctive relief lacking factual or legal support. This sanction, in the amount of $2,500, was ordered pursuant to Federal Rule of Civil Procedure 11. (DE 187)

The Bureau purported to file the motion to amend the judgment pursuant to Federal Rules of Civil Procedure 59(e), as a motion to amend the judgment, and 60(a), as a motion to correct a clerical mistake. However, the Bureau did not support this incon-sistent approach with evidence that the Clerk's judgment contain-ed a clerical mistake. Rather, the Bureau sought a substantive alteration to the amount of the judgment equal to the amount of the prior sanctions. Accordingly, its motion, filed within 10 days of the entry of judgment, was made pursuant to Federal Rule of Civil Procedure 59.

The Bureau then filed what amounts to a second Rule 59

motion on March 29, 2007, also within the 10-day period provided in Rule 59, seeking either remittitur or a new trial limited to the issue of damages. (DE 247) With this motion, distinct from the first Rule 59(e) motion, the Bureau argued that the damages awarded by the jury were excessive based upon the pretrial order, jury instructions, and Janky's failure to mitigate her losses.

On April 24, 2007, Judge Cherry ruled on the Bureau's first Rule 59 motion, reducing the damages by $12,130.13 to reflect the set-off of an earlier sanction against Janky but not the $2,500 sanctions ordered against Reed, her attorney.  On May 7, the Bureau moved, purportedly under Federal Rule of Civil Procedure 58, for the entry of a separate judgment reflecting this set-off. Then, on May 16, Judge Cherry denied the Bureau's second Rule 59 motion, seeking a new trial. (DE 267) Treating this motion as the final judgment in this case, the Bureau filed its notice of appeal on June 7, 2007.

## Discussion

Rule 58 was amended in 2002 to change the requirement that final judgments be set forth on a separate document. The rule states that "every judgment and amended judgment must be set forth on a separate document" unless the judgment is contained in an order "disposing of a motion for a new trial, or to alter or amend the judgment, under Rule 59."  Rule 58(a)(1)(D). The rule creates uncertainty when, as here, a motion to amend a judgment is granted. ***Employers Insurance of Wausau v. Titan International, Inc.***, 400 F.3d 486, 489 (7th Cir. 2005)("[W]hen a motion to amend

3

a judgment is granted, the result is an amended judgment, so the rule becomes incoherent if 'disposing' is read literally, for then the order granting the motion both is, and is not, an order required to be set forth in a separate document."). In *Employers Insurance of Wausau*, the Seventh Circuit stated that "we are driven to interpret 'disposing of' as 'denying' and not 'granting or denying.'" *Employers Insurance of Wausau*, 400 F.3d at 489. Under this interpretation, an order granting a motion to amend the judgment creates the need to set forth the judgment on a separate document, which in turn determines when the 30 days in which an appeal may be filed commences. Federal Rule of Appellate Procedure 4.  *See also* *Robinson v. City of Harvey*, ___ F.3d ___, 2007 WL 1671685 at *4 (7th Cir. 2007); *Kolman v. Shalala*, 39 F.3d 173, 177 (7th Cir. 1994)("The difference between Rule 58 judgment and other final, appealable orders, decisions or judgments is that the Rule 58 judgment is clearly, unequivocally, a final judgment, telling the parties that the time for appeal is definitively beginning to run.").

Under Rule 58, Judge Cherry's denial of the Bureau's motion for remittitur or a new trial is the final judgment in this matter. As a result, the last date upon which the defendants could file an appeal was June 15, 2007. There is no question that the defendant's appeal was filed timely.

However, upon the filing of a notice of appeal, the district court is divested of jurisdiction. *Griggs v. Provident Consumer Discount Company*, 459 U.S. 56, 58, 103 S.Ct. 400, 402, 74 L.Ed.2d

4

225 (1982); *Boyko v. Anderson*, 185 F.3d 672, 674 (7th Cir. 1999) ("The filing of the appeal has deprived the district court of jurisdiction over the case."). Nevertheless, the district court, even during the pendency of an appeal, is not deprived of the ability to "address ancillary questions such as costs [or] the registration of judgments." *Kusay v. United States*, 62 F.3d 192, 194 (7th Cir. 1995). *See also* *Wisconsin Mutual Insurance Company v. United States*, 441 F.3d 502, 504-05 (7th Cir. 2006) ("These interests are not implicated by allowing the district court to enter a proper final decision and thus permit a pending appeal to go forward."). *See also* *Cooter & Gell v. Hartmarx Corp.*  496 U.S. 384, 395-96, 110 S.Ct. 2447, 2455-56, 110 L.Ed.2d 359 (1990) ("This Court has indicated that motions for costs or attorney's fees are independent proceeding[s] supplemental to the original proceeding and not a request for a modification of the original decree.").

The court agrees that, in light of the requirements of Rule 58, entry of a final judgment is warranted in this matter, and it is within the court's jurisdiction to do so. Accordingly, the Bureau's motion is granted.

Janky also has moved the court to quash a subpoena directed at her attorney in support of the collection of the $2,500 sanction. The subpoena directs Reed to provide, among other things, records of assets, financial records, and Federal and State income taxes returns. Reed resists the subpoena by stating that Federal Rule of Civil Procedure 64 provides no basis for the

5

subpoena. Rule 64 states that "all remedies providing for seizure of person or property for the purpose of securing satisfaction of the judgment ultimately to be entered in the action are available under the circumstances and in the manner provided by the law of the state in which the district court is held."  The rule, by its own terms, regards prejudgment efforts to ensure the ability to collect an ultimate judgment according to methods described by the law of the forum state. Neither party has addressed the rule's application to efforts to collect amounts ancillary to the final judgment. See *Cooter & Gell,* 496 U.S. at 395-96, 110 S.Ct. at 2455-56. The parties also fail to make any reference to the laws of Indiana. It is not clear that Rule 64 has any application to this matter.

In addition, Janky provides nothing in support of the assumption that this subpoena is issued pursuant to Rule 64 rather than Federal Rule of Civil Procedure 45. Instead, the parties focus upon an apparent agreement to further amend the judgment to permit its reduction by an amount equal to the $2,500 sanction. Judge Cherry already has denied this relief. *See* DE 262. In addition to the reasons already described in that order, the court notes that Rule 11(c)(2)(A), the basis of the $2,500 sanction, states that "monetary sanctions may not be awarded against a represented party for a violation of subdivision (b)(2)."  Accordingly, the rule prevents the court from reducing the judgment owed to Janky by an amount due from her attorney. To the extent that the parties seek a further set-off of the

6

judgment, this motion is DENIED. Because Janky has made no argument that responding to the subpoena creates an undue burden or expense, the motion to quash the subpoena is DENIED.

_____

For the foregoing reasons, the Motion for Entry of Order on Amount Owed on Judgment Reflective of Set-off Pursuant to FRCP 58 filed by the defendants, Lake County Convention & Visitors Bureau, on May 7, 2007 (DE 264), is **GRANTED**. The judgment in this matter, pursuant to the court's April 24, 2007 Order, requires the set-off of $12,130.13, with interest at 4.98% calculated from January 12, 2007 until the date of payment. Because the date of payment effectively is the date the amount was ordered set off, April 24, the period of time during which interest accrued was 102 days. At the stated interest rate, this equals $168.30. Accordingly, the judgment shall reflect the set-off of $12,298.43, for a total amount of $87,701.50. The Clerk is DIRECTED to enter judgment in favor of Cheryl Janky against the Lake County Convention and Visitors Bureau in this amount. The applicable post judgment interest rate shall remain as described in the judgement at 4.93%.  The Motion to Quash the Subpoena Issued in Cheryl Janky v. Lake County and For a Protective Order filed by the plaintiff, Cheryl Janky, on May 31, 2007 (DE 275), is **DENIED.**

ENTERED this 25th day of June, 2007

7

```
                              s/ ANDREW P. RODOVICH
                              United States Magistrate Judge
```