```
                  UNITED STATES DISTRICT COURT
                  NORTHERN DISTRICT OF INDIANA
                       HAMMOND DIVISION

CHERYL JANKY,                 )
                              )
          Plaintiff           )
                              )
     v.                       )   Case No. 3:05 cv 217
                              )
LAKE COUNTY CONVENTION &      )
VISITORS BUREAU,              )
                              )
          Defendant           )
```

ORDER

This matter is before the court on the Motion to Withdraw Funds Deposited to the Court in Satisfaction of Judgment filed by the plaintiff, Cheryl Janky, on June 12, 2007 (DE 286); the Motion for Stay of Proceedings Including Staying Withdrawal of Funds to Be Deposited into Court filed by the defendant, Lake County Convention and Visitors Bureau, on June 19, 2007 (DE 289); and the Non-Party Motion for Distribution of Judgment Proceeds filed by Pamela S. Owen, on June 22, 2007 (DE 291). For the reasons set forth below, the motion to withdraw funds (DE 286) and the non-party motion for distribution of judgment proceeds (DE 291) are **DENIED**, and the motion to stay (DE 289) is **GRANTED**.

Background

On March 16, 2007, at the conclusion of the trial in this matter, the plaintiff, Cheryl Janky, was awarded $100,000 in damages. This amount was reduced to set off sanctions that had been imposed against Janky. A final judgment was entered in the amount of $87,701.50.

The defendant, pursuant to this judgment and the court's order of May 7, 2007, deposited this amount with the court. On June 7, 2007, the defendant filed its notice of appeal. With the current motions, the plaintiff seeks to withdraw this money, the defendant seeks to stay any efforts to withdraw this money, and a court reporter who supplied services to the plaintiff's attorney seeks to be paid from these funds.

## Discussion

Federal Rule of Civil Procedure 62(d) provides for a stay upon appeal with the filing of a supersedeas bond. Payment of the judgment into the court fulfills this obligation. *See* ***Porco v. Trustees of Indiana University***, 453 F.3d 390, 394 (7th Cir. 2006) (*quoting* ***Dale M. ex rel. Alice M. v. Board of Education***, 237 F.3d 813, 815 (7th Cir.2001) ("A judgment creditor who pays the judgment pending appeal instead of posting a supersedeas bond . . . is entitled to the return of its money if the decision is reversed . . . .").

The plaintiff's objection to this bond is that it is inadequate in light of the plaintiff's pending motion for attorney fees under the Copyright Act. However, the plaintiff's assumption regarding her success in this fee application, in addition to being premature, does not alter the fact that the defendant has deposited with the court an amount equal to the judgment in this case. The plaintiff's speculation regarding her fee application and the defendant's success on appeal is irrelevant. Accordingly,

2

the defendant's motion to stay (DE 289) is **GRANTED**. The plaintiff's motion to withdraw funds (DE 286) is **DENIED**.

The motion by Pamela S. Owen, seeking distribution of a portion of these funds in satisfaction of the services performed on behalf of plaintiff's attorney, Gregory Reed, also is premature or simply misplaced. The amount deposited with the court reflects the judgment granted on behalf of the plaintiff. At this time, no costs have been awarded. Accordingly, 28 U.S.C. §1920(2), which generally permits the recovery of costs for transcripts "necessarily obtained for use in the case," is not relevant.  Further, the plaintiff has not shown that these transcripts were "necessarily obtained." To the extent the plaintiff seeks recovery of these costs in its fee petition under the Copyright Act, the court has not ruled on this matter. The costs of these transcripts are the obligation of the plaintiff's attorney, the person who hired the court reporter and ordered the transcripts.  Therefore, this debt may not be satisfied from the proceeds deposited with the court. The non-party motion for distribution of judgment proceeds (DE 291) is **DENIED**.

ENTERED this 23rd day of July, 2007

s/ ANDREW P. RODOVICH
United States Magistrate Judge

3