# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF INDIANA
### HAMMOND DIVISION

CHERYL JANKY,                                  Case No: 3:05-cv-00217
                                                   Hon. James T. Moody

      Plaintiff,                             Magistrate Judge Andrew P. Rodovich

v.

LAKE COUNTY CONVENTION & VISITORS
BUREAU,

      Defendant.

---

**DEFENDANT LAKE COUNTY CONVENTION & VISITORS BUREAU'S
RESPONSE TO "PLAINTIFF'S MOTION FOR FEES AND COSTS
FOR HAVING TO DEFEND AGAINST DEFENDANT'S
MOTION FOR ATTORNEY FEES PURSUANT TO 28 USC § 1927 FEES"**

**CERTIFICATE OF SERVICE**

DANIEL C. KUZMAN
**LAW OFFICES OF DANIEL C. KUZMAN**
Attorneys for Lake County
2624 W. Lincoln Highway
(US Rt. 30)
Merrillville, Indiana 46410
219-793-9300, ext 101

ROBERT D. GOLDSTEIN  (P38298)
TIMOTHY J. JORDAN  (P46098)
**GARAN LUCOW MILLER, P.C.**
Attorneys for Defendant Lake County
8332 Office Park Drive
Grand Blanc, MI 48439
810-695-3700

**DEFENDANT LAKE COUNTY CONVENTION & VISITORS BUREAU'S
RESPONSE TO "PLAINTIFF'S MOTION FOR FEES AND COSTS
FOR HAVING TO DEFEND AGAINST DEFENDANT'S
MOTION FOR ATTORNEY FEES PURSUANT TO 28 USC § 1927 FEES"**

Defendant Lake County Convention & Visitors Bureau ("LCCVB"), by and through its attorneys, GARAN LUCOW MILLER, P.C., and LAW OFFICES OF DANIEL KUZMAN, and pursuant to FRCP 7 and N.D. Ind. L. R. 7.1(a) states in response to plaintiff's motion [DE 326] for fees and costs for having to defend against defendant's motion for attorney fees pursuant to 28 USC § 1927:

1.    Answering paragraph 1, plaintiff has accurately quoted in part 28 USC § 1927.  It is further affirmatively stated that plaintiff herself recognizes § 1927 applies to an attorney who so multiplies the proceedings "unreasonably and vexatiously" that the attorney may be required to satisfy personally the excess costs, expenses and attorney fees reasonably incurred because of the claimed conduct.

2.    Answering paragraph 2, once again plaintiff acknowledges that the "key point" in this § 1927 inquiry is "objective unreasonableness of the attorney's actions."  As further recognized by plaintiff in her motion by citing *Claiborne v Wisdon,* 414 F3d 715, 721 (7th Cir. 2005), § 1927 attorney fees are warranted where counsel acted "recklessly, raised baseless claims despite notice of their frivolous nature, or otherwise showed indifference to the statutes, rules, or court orders." *Claiborne*, 414 F3d at 721.  First, it is affirmatively stated that the standard cited by plaintiff demonstrates that there is no basis for plaintiff's motion for imposition of § 1927 attorney fees.  The fact of the matter is that plaintiff did make the statement that she had not received any settlement offers from her attorneys that were made by LCCVB.  This was the finding by this Court as well.

Furthermore, while this Court found that to be a misstatement of fact *by the plaintiff*, both Magistrate Judge Paul Cherry and this Court found that given the grounds asserted in LCCVB's motion for 28 USC § 1927 attorney fees and the various responses to that motion by plaintiff, an evidentiary hearing was warranted .  This substantiates the factual and legal basis for LCCVB's motion.[1]

3.      Answering paragraph 3 once again plaintiff has recited an appropriate standard in determining § 1927 fees because the Court, in assessing whether an attorney's actions were objectionably unreasonable, may infer intent from a "total lack of factual or legal basis."  *Burda v M. Ecker Co.,* 2 F3d, 769, 777 (7th Cir. 1993).  As explained previously and in more detail in the attached brief, LCCVB's motion for § 1927 attorney fees was far from lacking a factual or legal basis. Indeed, it was well-grounded in fact and law.

In further answer, plaintiff claims that defendant's conduct was objectionably unreasonable based on "two unreliable sources" – Cheryl Janky and Gregory Reed, plaintiff's counsel.  The first unreliable source identified in paragraph 3 by plaintiff is plaintiff herself where plaintiff claims that she "allegedly" made the statement that she had not received any offers of settlement from LCCVB by her attorneys.  That was factually proven to this Court based on the various filings, to and including the correspondence from Magistrate Judge Paul R. Cherry, (who was a subpoenaed witness for the evidentiary hearing) where he stated in a letter placed in the record, [DE 325] "Cheryl Janky stated that her attorneys had not communicated any settlement offers to her." In regard to the other "unreliable source," identified in paragraph 3, plaintiff's counsel Gregory Reed acknowledged he made the statement to the newspaper that the plaintiff would have settled for

_____

[1]Although not mentioned in plaintiff's motion, the question of how to interpret § 1927 is one of law.  See *Clairborne,* 414 F3d at p. 721.

$50,000.00 but later qualified that statement in a pleading filed in this Court, that plaintiff would have settled for $50,000.00 prior to filing lawsuit, not once it had been commenced.[2]  See DE 256, plaintiff Cheryl Janky's response in opposition to 28 USC § 1927 motion for attorney fees and costs, p. 6.  In regard to the other asserted ground by plaintiff that the § 1927  motion was objectively unreasonable, plaintiff claims that defendant alleged that plaintiff had vexatiously multiplied the proceedings by failing to accept defendant's $50,000.00 settlement demand claiming that defendant had "stonewalled" the plaintiff for more than 3-1/2 years and did not offer plaintiff a $50,000.00 settlement until January 2007.  Setting aside the unsubstantiated vitriol,  the issue was whether the statement was accurate that the plaintiff had not received any settlement offers.  The next step of the analysis would have been when plaintiff would have settled which would probably have required further briefing and even another evidentiary hearing.  (In addition, plaintiff was actually offered $55,000.00 to settle the case in early fall 2006.)

4.    Answering paragraph 4, denied plaintiff is entitled to reimbursement of her attorney fees and costs.  It is further affirmatively stated that if anybody is entitled to attorney fees and costs, it is LCCVB in having to respond to this frivolous and harassing motion based on FRCP 11.

5.    Answering paragraph 5, the same response as the previous response.

6.    Answering paragraph 6, this is again an almost unintelligible allegation where plaintiff claims that defendant's motion for § 1927 attorney fees based on plaintiff's statement that she had not received any offer of settlement by LCCVB from her counsel was "a slanderous statement."  However, it is unclear why that is a slanderous statement when it was proven that

---

[2]In plaintiff's own affidavit, she too states she would have settled for $50,000.00 during the early stages of litigation [DE 256-3] and re-affirmed this at the August 2, 2007, evidentiary hearing.

4

plaintiff made the statement that she had not received any offers of settlement from LCCVB from her attorneys.

7.     Answering paragraph 7, this paragraph reflects a complete lack of plaintiff's adherence to FRCP 11 standards where plaintiff accuses LCCVB of "extortion" and "unlawfully" taking monies from plaintiff. This is the pattern plaintiff has engaged in in prosecuting the case and which is the type of accusation she made during the trial. Notably, the case plaintiff relies on in DE 326, the *Claiborne* decision, contains an interesting and highly applicable analysis which reflects the plaintiff's conduct throughout this matter:

> Boyd did not exhibit the diligence, professionalism, or competency that one would expect from an officer of the court. She failed to answer discovery requests propounded by Defendants, and failed to disclose the full names and addresses of the witnesses she expected to call for trial.... Had Ms. Boyd done her job in an objectively reasonable manner, she would have realized that her client did not have a case months before March 20, 2002 [the date of the motion for voluntary dismissal].
>
> That much alone might not be enough to support an award of the full amount of the defendants attorneys fees under § 1927, because the statute speaks of the "excess" costs and fees that were incurred because of the lawyer's conduct, and this excerpt merely indicates that Boyd should have realized that the case had problems at some undefined time before March 20, 2002. But that is not all that the court wrote. In the sanctions order docketed on February 11, 2003, it made the following findings:  Boyd pursued a number of claims without any factual basis (¶ 12);
>
> •     Three of the four major claims that Boyd presented proved to be "entirely without a factual basis" (¶ 13) [Similar to this matter where all the claims based on the Indiana Tort Claims Act were dismissed because plaintiff admittedly did not comply with the Act's notice provisions.];
>
> •     Boyd engaged in evasive and dilatory tactics, such as filing an incomplete disclosure of witnesses, failing to file a response to

defendants  interrogatories and production requests, and failing to
respond to defendants motion for summary judgment (¶ 14); and

•     Boyd "never made a reasonable inquiry before presenting
serious allegations to this court" (¶ 15)

Taken together, these findings go to the heart of the case. Boyd's only
response is that the defendants shared some (or much) of the blame
for the way that the case proceeded.

*    *    *

We conclude, therefore, that the court applied correct legal standard
under § 1927 and that it did not abuse its discretion when it imposed
the full amount of the defendants' attorney' fees on Boyd (save the $1
that Claiborne was to pay.

*Claiborne,* 414 F3d at p. 721-722.

8.     Answering paragraph 8, same answer as the previous answer where plaintiff once again makes these unsubtantiated claims of "abuse of process" and "conspiracy to abuse the court's legal process."

9.     Answering paragraph 9, same answer as the previous answer.  It is further affirmatively stated that in reviewing this factually empty paragraph and its accusations of LCCVB's counsel, on further consideration, this paragraph is not factually empty if the plaintiff is describing her own counsel which is accurate of their conduct throughout this matter.

10.     Answering paragraph 10, in regard to the "42 communicated offers" these 42 communicated offers reflected a last minute filing by the plaintiff in DE 322 filed on August 1, 2007, (the day before the evidentiary hearing).  Plaintiff did not state why this supplemental response was filed almost three months after her original response in opposition to LCCVB's motion.  It is unclear how this allegation has anything to do with the present motion filed by the plaintiff.  It should also

be noted that while plaintiff continues to accuse defendant of 3-1/2 years of "vexatiously and unnecessarily expanding these proceedings," approximately the first two years of the proceedings were necessitated by plaintiff's failure to admit jurisdiction was improper in Michigan and for which she was sanctioned. See DE 149, "Order Granting in Part and Denying in Part Sanctions and Ordering Plaintiff to Pay the Reasonable Expenses Incurred by LCCVB in Proving the Jurisdiction did not Exist in Michigan."

11.    Answering paragraph 11, the "allegations" in this paragraph are irrelevant to plaintiff's motion, and not grounded in reality. For example, plaintiff apparently seems to be saying that because the Court granted partial summary judgment to the plaintiff on copyright infringement, LCCVB should no longer have defended the matter. See § 11b. Also, for whatever reason, plaintiff continues to accuse LCCVB of vexatiously and unnecessarily expanding the proceeding by asserting a work-for-hire defense at trial. (In DE 333, pp. 14-16, this Court found the work-for-hire- was not frivolous.) This seems to be consistent with plaintiff's belief that the matter should no longer have been defended by LCCVB after the Court granted partial summary disposition on copyright infringement. In fact, the Court allowed the work-for-hire defense at trial and denied plaintiff's motion for directed verdict on the issue.

12.    Answering paragraph 12, denied for the reasons previously stated. Moreover, ¶ 12 accuses LCCVB's counsel of various sanctionable acts. However, every one of the accusations is based on plaintiff Cheryl Janky's statement *that she made* that she had not received any settlement offers from LCCVB from her attorneys.

13.    Answering Paragraph 13, denied for the reasons stated previously.

14.    Answering Paragraph 14, while plaintiff accuses LCCVB of filing "frivolous and

7

outlandish" motions, plaintiff's counsel are the ones that have been sanctioned for doing exactly that and these accusations ring as hollow as the prior vitriolic accusations of plaintiff and her counsel in her motion.

15.     Answering paragraph 15, denied for the reasons stated previously.  While plaintiff seems to rely on the fact that she provided "42 pieces of evidence presented in court," these pieces of evidence were not filed until the last minute and well beyond the time plaintiff had to respond to LCCVB's motion, and do not, of themselves, prove plaintiff ever received the information contained in the letters.

WHEREFORE, LCCVB respectfully requests that this Court deny plaintiff's motion DE 326 together with any and such further relief as this Court deems necessary and just.


GARAN LUCOW MILLER, P.C.

    /s/Robert D. Goldstein
ROBERT D. GOLDSTEIN (P38298)
TIMOTHY J. JORDAN (P46098)
Attorneys for Defendant Lake County
8332 Office Park Drive
Grand Blanc, Michigan 48439
(810) 695-3700

Dated:  August 24, 2007


DANIEL C. KUZMAN
LAW OFFICE OF DANIEL C. KUZMAN
Attorneys for Defendant LCCVB
2624 West Lincoln Highway
(US Rt. 30)
Merillville, IN 46410
219-793-9300, ext. 101

Document:  173007.1

8

## CERTIFICATE OF SERVICE

I hereby certify that on **August 24, 2007**, I electronically filed the foregoing document with the Clerk of the Court using the ECF System which will send notification of such filing to the following: Gregory J. Reed, Stephanie L. Hammonds, Timothy J. Jordan and Daniel Kuzman and I certify that I have mailed by U.S. Mail the document to the following non-ECF participants: Francois Nabwangu, Esq., 13255 Lake Point Blvd., Belleville, MI 48111.


GARAN LUCOW MILLER, P.C.

    /s/Robert D. Goldstein
ROBERT D. GOLDSTEIN (P38298)
TIMOTHY J. JORDAN (P46098)
Attorneys for Defendant Lake County
8332 Office Park Drive
Grand Blanc, Michigan 48439
(810) 695-3700


Document: 173007.1