**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**HAMMOND DIVISION**

| | |
|---|---|
| CHERYL JANKY, | Case No: 3:05-cv-00217 |
| | Hon. James T. Moody |
| Plaintiff, | Magistrate Judge Andrew P. Rodovich |
| v. | |
| LAKE COUNTY CONVENTION & VISITORS BUREAU, | |
| Defendant. | |

**LCCVB'S BRIEF IN SUPPORT OF RESPONSE TO PLAINTIFF'S "MOTION FOR FEES AND COSTS FOR HAVING TO DEFEND AGAINST DEFENDANT'S MOTION FOR ATTORNEY FEES PURSUANT TO 28 USC § 1927 FEES"**

**CERTIFICATE OF SERVICE**

| | |
|---|---|
| DANIEL C. KUZMAN<br>**LAW OFFICES OF DANIEL C. KUZMAN**<br>Attorneys for Lake County<br>2624 W. Lincoln Highway<br>(US Rt. 30)<br>Merrillville, Indiana 46410<br>219-793-9300, ext 101 | ROBERT D. GOLDSTEIN  (P38298)<br>TIMOTHY J. JORDAN  (P46098)<br>**GARAN LUCOW MILLER, P.C.**<br>Attorneys for Defendant Lake County<br>8332 Office Park Drive<br>Grand Blanc, MI 48439<br>810-695-3700 |

**LCCVB'S BRIEF IN SUPPORT OF RESPONSE TO PLAINTIFF'S "MOTION FOR FEES AND COSTS FOR HAVING TO DEFEND AGAINST DEFENDANT'S MOTION FOR ATTORNEY FEES PURSUANT TO 28 USC § 1927 FEES"**

Plaintiff's motion is based on 28 USC § 1927 which provides as follows:

> **§ 1927.  Counsel's liability for excessive costs**
>
> Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.

As the plaintiff recognizes in her motion, imposition of sanctions under that statute is found only where the court determines, "objective unreasonableness of the attorney's actions, not the absence of bad faith or evil intent." *Claiborne v Wisdon,* 414 F3d 715, 721 (7th Cir. 2005).  Further, the attorney fees, expenses and costs are warranted to the harmed party under 28 USC § 1927, "where counsel acted recklessly, raised baseless claims despite notice of their frivolous nature, or otherwise showed indifference to statutes, rules or court orders." *Claiborne,* 414 F3d at 721.  See plaintiff's motion DE 326 at p. 2.  While reciting the standard, plaintiff completely ignores it in filing her motion.

Plaintiff's motion for fees and costs is based on the following assertions which plaintiff maintains shows that defendant's "conduct in filing a motion for sanctions pursuant to 28 USC § 1927 was objectively unreasonable:"

> a. The motion was based upon two unreliable sources:
>
> > i.   one statement allegedly made by Plaintiff when she was under tremendous stress after enduring a week of trial, off the record while participating in a settlement conference, without counsel, for nearly one (1) hour, in which she had been distraught and crying

2

>for the duration of the conference; and
>
>ii. an alleged unverified statement attributed to Plaintiff's counsel in a newspaper article that Plaintiff would have settled the case for $50,000, when newspaper articles are irrefutably recognized as inadmissible in the Seventh Circuit. *United States v, Harris*, 271 F. 3d 690, 696 (7th Cir. 2001)
>
>b. The notion that Plaintiff had vexatiously multiplied these proceedings by failing to accept Defendant's $50,000 is an outlandish assertion which defies logic when Defendant stonewalled Plaintiff for more than three and a half (3 1/2) years and did not offer Plaintiff a $50,000 settlement until January 2007.

See DE 326, pp. 2-3

If plaintiff and her attorneys bothered to review the facts of the case, they would have concluded that their assertions were meritless and formed no basis for filing DE 326. In regard to a-i, the statement that she had not received any settlement offers was not "allegedly" made by plaintiff (an "unreliable" source). Indeed, the statement *was made* by plaintiff that she had not received any settlement offers from LCCVB from her attorneys. This Court found that plaintiff made the statement although the Court determined it to be a "misstatement" of fact by the plaintiff. Furthermore, Magistrate Judge Paul R. Cherry in DE 325, Letter to the Court for Inclusion in the Record, explicitly affirmed that, "Cheryl Janky stated that her attorneys had not communicated any settlement offers to her."

Additionally, plaintiff Cheryl Janky, in her response to LCCVB's motion in DE 256 with attached declaration, did not deny making the statement that she had not received any settlement offers. See DE 256 with Exhibit A, Declaration of Cheryl Janky. In DE 259, LCCVB's reply to the response, LCCVB also attached the Declaration of Speros Batistatos, the CEO of LCCVB and who

was also present at the settlement conference. Mr. Batistatos declared that Ms. Janky said she had not "gotten any settlement offers" that were made by LCCVB because her attorneys had not communicated any of the offers during the pendency of the lawsuit. See DE 259 with attached Declaration of Speros Batistatos. In DE 277, Motion to Strike the Evidentiary Hearing, plaintiff for the first time claimed that what she had said was that she hadn't received any of LCCVB's "substantial offers." Obviously, there were material issues of fact necessitating the evidentiary hearing.

In DE 277, LCCVB filed its response to the motion to strike hearing and again included another Declaration of Speros Batistatos where he clearly stated that Cheryl Janky claimed that she had never "received any offers from anyone."

As a consequence, Magistrate Judge Paul R. Cherry recused himself in DE 280 stating:

> In sum, the Court finds that:
>
> (1) a statement made by Cheryl Janky at the mid-trial settlement conference is relevant to the issue of whether or not her attorneys communicated pre-trial settlement offers to her,
>
> (2) to rule on LCCVB's DE 250 Motion for attorneys fees and costs, the Court needs to learn (by evidence presented in Court) whether Cheryl Janky's attorneys did or did not communicated pre-trial settlement offers to her,
>
> (3) Cheryl Janky's and Speros Batistatos' recollections of her settlement conference statement on this point are in direct contradiction, and
>
> (4) the undersigned Judge and his two Law Clerks were witnesses to the settlement discussions and statements made between Cheryl Janky and Speros Batistatos."

See DE 280, Order of Recusal.

Under these circumstances, LCCVB's motion for attorney fees and costs under 28 USC § 1927 was warranted by existing law and supported by an ample factual basis.[1]  See DE 250 and DE 251, Motion and Brief for 28 USC § 1927 attorney fees and costs.

Plaintiff's next claimed basis for her motion is, "an alleged unverified statement attributed to plaintiff's counsel, [Gregory Reed, the second "unreliable source"] in a newspaper article that plaintiff would have settled the case for $50,000.00." This was not the reason that prompted LCCVB's motion. Rather, the basis of the motion was the preceding discussion regarding plaintiff's statement that she had not received any settlement offers. That was the reason for the evidentiary hearing. While this Court found that plaintiff made the statement, the Court concluded she had made a misstatement of fact. Had LCCVB shown that plaintiff's statement was not only made but that it was true, then the next step of the inquiry would have been when plaintiff would have settled the case, and in what amount. That would have required further briefing and another evidentiary hearing. Moreover, plaintiff's claim that it was an "alleged unverified statement" and that the alleged unverified statement was "inadmissible" are untrue contentions. Mr. Reed acknowledged making the statement to the newspaper but then later explained in plaintiff's response to LCCVB's motion that, "Janky would have accepted $50,000.00 ***prior to filing the lawsuit* not *once it had commenced.*"** [Emphasis in original.] See DE 256, Plaintiff Cheryl Janky's Response in Opposition to 28 USC 1927 Motion for Attorney Fees and Costs, p. 6. Hence, far from it being an unverified statement, plaintiff's counsel Gregory Reed confirmed making the statement. Also, as the statement was an admission against interest by plaintiff's attorney (because plaintiff's attorneys would have

---

[1]Indeed, both Magistrate Judge Paul R. Cherry and this Court directed that an evidentiary hearing be held on the issue reflecting the meritoriousness of the motion.

been responsible for the attorney fees and costs under 28 USC § 1927, the statement was not barred as hearsay under Federal Rule of Evidence 804(b)(3), "statement against interest."

Finally, plaintiff's contention that Defendant's motion was based on the argument that plaintiff vexatiously multiplied the proceedings by not accepting defendant's $50,000.00 offer and that defendant did not offer plaintiff $50,000.00 until January 2007, demonstrates that either plaintiff is misrepresenting to this Court the basis of LCCVB's motion, or that plaintiff did not comprehend the motion. Once again, LCCVB's motion under the statute was based on the fact that plaintiff made the statement that she had not received any settlement offers from LCCVB. If that statement had been proven accurate at the evidentiary hearing, then the next step of the analysis would be at what point would plaintiff have settled the case.[2]

At this late point in the case, it would be refreshing if plaintiff would start arguing facts and stop engaging in inflammatory and baseless accusations against LCCVB and its counsel. This has gone on now for almost four years. Despite being sanctioned for such conduct, plaintiff and her counsel continue along the same path. "Facts are stubborn things; and whatever may be our wishes, our inclinations, the dictates of our passions, they cannot alter the state of facts in evidence." – JOHN ADAMS, the Second President of the United States. "Facts do not cease to exist because they are ignored." – ALDOUS HUXLEY, British Author of <u>Brave New World</u>.

WHEREFORE, Defendant Lake County Convention & Visitors Bureau respectfully request

---

[2]While plaintiff now claims that LCCVB's motion for § 1927 attorney fees and costs is "vexatious," "outlandish," "unlawful," "slanderous," and all the rest, plaintiff did not send a Rule 11 safe harbor letter with a Rule 11 motion to defendant to withdraw its motion, nor did plaintiff file a Rule 11 motion in opposition to defendant's § 1927 motion, and only waited until after the evidentiary hearing to file her own § 1927 motion. Obviously, plaintiff and her counsel were worried that this Court might impose § 1927 attorney fees and costs given the statement made by plaintiff at the settlement conference.

that this Court deny Plaintiff's motion DE 326, together with any and such further relief as this Court deems necessary and just.

                                    GARAN LUCOW MILLER, P.C.

                                    /s/Robert D. Goldstein
                                  ROBERT D. GOLDSTEIN (P38298)
                                  TIMOTHY J. JORDAN (P46098)
                                  Attorneys for Defendant Lake County
                                  8332 Office Park Drive
                                  Grand Blanc, Michigan 48439

Dated:  August 24, 2007          (810) 695-3700


                                  DANIEL C. KUZMAN
                                  LAW OFFICE OF DANIEL C. KUZMAN
                                  Attorneys for Defendant LCCVB
                                  2624 West Lincoln Highway
                                  (US Rt. 30)
                                  Merillville, IN 46410
                                  219-793-9300, ext. 101


Document:  173019.1

**CERTIFICATE OF SERVICE**

      I hereby certify that on **August 24, 2007**, I electronically filed the foregoing document with the Clerk of the Court using the ECF System which will send notification of such filing to the following: Gregory J. Reed, Stephanie L. Hammonds, Timothy J. Jordan and Daniel Kuzman and I certify that I have mailed by U.S. Mail the document to the following non-ECF participants: Francois Nabwangu, Esq., 13255 Lake Point Blvd., Belleville, MI 48111.

      GARAN LUCOW MILLER, P.C.

      /s/Robert D. Goldstein
      ROBERT D. GOLDSTEIN (P38298)
      TIMOTHY J. JORDAN (P46098)
      Attorneys for Defendant Lake County
      8332 Office Park Drive
      Grand Blanc, Michigan 48439
      (810) 695-3700

Document: 173019.1