UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

CHERYL JANKY,
   An Individual
      Plaintiff,

Hon. James T. Moody
Magistrate Judge Andrew P. Rodovich
Case No. 3:05-cv-00217

v.

HENRY FARAG, STREET GOLD RECORDS, Proprietorship
LAKE COUNTY CONVENTION & VISITORS BUREAU,
   Individual and Corporation, Jointly and Severally
      Defendants.

---

**PLAINTIFF'S RESPONSE IN OPPOSITION TO
DEFENDANT LAKE COUNTY CONVENTION & BUREAU'S
SECOND MOTION FOR COSTS AND ATTORNEY FEES
PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 11**

**BRIEF IN SUPPORT OF
PLAINTIFF'S RESPONSE IN OPPOSITION TO
DEFENDANT LAKE COUNTY CONVENTION & BUREAU'S
SECOND MOTION FOR COSTS AND ATTORNEY FEES
PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 11**

**CERTIFICATE OF SERVICE**

GREGORY J. REED (P24750)
GREGORY J. REED & ASSOCIATES, PC
Counsel for Plaintiff
1201 Bagley
Detroit, MI 48226
(313) 961-3580

STEPHANIE L. HAMMONDS
LAW OFFICE OF STEPHANIE L HAMMONDS
Attorney for Plaintiff
719 Griswold, Suite 820
Detroit, MI 48226
(313) 340-0440

**PLAINTIFF'S RESPONSE IN OPPOSITION TO
DEFENDANT LAKE COUNTY CONVENTION & BUREAU'S
SECOND MOTION FOR COSTS AND ATTORNEY FEES PURSUANT TO
FEDERAL RULE OF CIVIL PROCEDURE 11**

Plaintiff, Cheryl Janky ("Janky") by her counsel, respectfully submits this response in opposition to the Second Motion for Costs and Attorney Fees Pursuant to Federal Rule of Civil Procedure 11 filed by Defendant Lake County Convention & Visitors Bureau ("LCCVB") based upon Janky's counsel having filed a Motion and Brief for Fees and Costs for having to defend against Defendant's Motion for Attorney Fees Pursuant to 28 U.S.C. § 1927 [DE 326] which is neither frivolous nor filed for improper purpose, and in support, states as follows.

1. On November 1, 2007, LCCVB served its "Second Motion for Costs and Attorney Fees Pursuant to Federal Rule of Civil Procedure 11" [DE 354] and "Brief in Support of Defendant Lake County Convention & Visitor's Bureau's Second Motion for Costs and Attorney Fees Pursuant to Federal Rule of Civil Procedure 11" [DE 355] against Janky.

2. LCCVB's current motion [DE 354] seeks costs and attorneys' fees against Janky pursuant to Rule 11 of the Federal Rules of Civil Procedure and is based upon Janky's refusal to withdraw/dismiss her motion for attorney fees and costs for having to defend against Defendant's Motion for Attorney Fees Pursuant to 28 U.S.C. § 1927 [DE 326].

3. LCCVB filed its Motion for Attorney Fees and Costs Pursuant to 28 U.S.C. § 1927 on April 2, 2007. [DE 251] The motion asserted that during a post trial settlement conference Janky stated that she never received any settlement offers and sought reimbursement of all of LCCVB's attorney fees and costs from Janky's counsel *because of their alleged failure to communicate any settlement offers to Janky over the course of these 3 ½ year proceedings.*

4.  At the time that counsel for LCCVB filed their April 2, 2007 motion they had in their files more than 10 settlement correspondence from Janky's counsel addressed to them discussing LCCVB's proposed settlement offers and proposing counteroffers. (Exhibit A) Each of these correspondences *from Janky's counsel to LCCVB's counsel expressly state on their face that carbon copies of the correspondence were sent to Janky.* (Exhibit A)

5.  Despite their personal knowledge and possession of the numerous correspondences in their case files, which clearly reflected that Janky's counsel had communicated the settlement offers to Janky, *LCCVB's counsel feigned ignorance of the letters and filed a motion for 28 U.S.C § 1927 sanctions against Janky's counsel for failure to communicate settlement offers based on comments allegedly made by Janky during a settlement conference.*

6.  Not only did Janky incur the expense of responding to this improper, frivolous motion and appearing for an unnecessary evidentiary hearing, LCCVB's counsel's conduct in filing this meritless motion, also unreasonably and vextatiously multiplied these proceedings in at least the following: ways:

   a.  After scheduling LCCVB's motion for a June 6, 2007 hearing date, Judge Paul Cherry recused himself from the file because *based on LCCVB's misrepresentations and nondisclosure of the correspondence they received from Janky's counsel, Judge Cherry believed that he and his staff would be necessary fact witnesses at the evidentiary hearing. (Exhibit B) However, all the time, LCCVB's counsel had copies of settlement letters from Janky's counsel in their files which clearly demonstrated evidence that Janky had been informed of settlement offers. In furtherance of this deception, counsel for LCCVB served Judge Cherry and his two law clerks with subpoenas to testify at the evidentiary hearing.*

   b.  As a result of LCCVB's counsel's filing of the errant motion the case had to be reassigned to a new judge and the resolution of LCCVB's Motion was stretched over a four month period beginning on April 2, 2007 when LCCVB filed the motion and ending when the court ruled on the motion on August 2, 2007.

3

7. *At the August 2, 2007 evidentiary hearing after hearing Janky's testimony and reviewing the settlement correspondence, this Court refused to allow any other witnesses to testify, found Janky to be a credible witness and denied LCCVB's Motion for Attorney Fees and Costs Pursuant to 28 U.S.C. § 1927.*

8. Eight days later, on August 10, 2007, Janky's counsel filed her motion for attorney fees and costs for having to defend against LCCVB's Motion for Attorney Fees Pursuant to 28 U.S.C. § 1927.

9. In the instant motion, LCCVB seeks the imposition of Rule 11 sanctions against Janky's counsel for filing the motion to her recover costs and attorney fees incurred in defending against LCCVB's Motion for Attorney Fees Pursuant to 28 U.S.C. § 1927.

10. It is clear that sanctions under Federal Rule of Civil Procedure 11 are unwarranted under these circumstances. This rule regards an attorney's certification that filings with the court are not frivolous and are "not being presented for any improper purpose."

11. Janky's Motion for Attorney Fees and Costs for Having to Defend against LCCVB's Motion for Attorney Fees Pursuant to 28 U.S.C. § 1927 does not violate Rule 11 and is entirely proper because:

   a. Counsel for LCCVB filed its 28 U.S.C. § *1927 motion for an improper purpose: asserting an argument devoid of legal merit in a feeble attempt to secure a damage award in hopes of offsetting a portion, if not all of the $100,000 jury verdict rendered in Janky's favor.*

   b. *Counsel for LCCVB unreasonably and vexatiously multiplied these proceedings by conducting a needless hearing, causing the case to be reassigned and prolonging the resolution of this matter by four months* (from the April 2, 2007 filing date to the August 2, 2007 date that the court ruled on this matter.)

   c. As a result of the conduct of LCCVB's counsel, *Janky and her counsel were forced to incur additional expenses including but not limited to preparing a response to their baseless motion, preparing for an*

4

> *evidentiary hearing on the meritless motion, incur travel and accommodation costs to Indiana to attend a hearing, missed work days to participate in an unnecessary evidentiary hearing.*

12. Janky further relies upon her brief in support which is incorporated herein by reference.

WHEREFORE, for all of these reasons and for the reasons stated in the accompanying supporting Brief, Plaintiff Cheryl Janky respectfully requests that this Court enter its Order denying Defendant LCCVB's Motion for Costs and Attorney Fees Pursuant to Federal of Civil Procedure 11, awarding Janky her expenses and reasonable attorneys' fees incurred in defending against this Motion and any further relief to which this Court deems just and appropriate.

Dated: November 20, 2007

Respectfully submitted:

s/Gregory J. Reed
GREGORY J. REED (P24750)
Attorney for Plaintiff
1201 Bagley
Detroit, Michigan 48226
(313) 961-3580
gjrassoc@aol.com

s/Stephanie L. Hammonds
Stephanie L. Hammonds (P48097)
Attorney for Plaintiff
719 Griswold, Ste. 820
Detroit, MI 48226
(313) 340-0441
slynn629@aol.com

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# HAMMOND DIVISION

CHERYL JANKY,
   An Individual
      Plaintiff,

Hon. James T. Moody
Magistrate Judge Andrew P. Rodovich
Case No. 3:05-cv-00217

v.

HENRY FARAG, STREET GOLD RECORDS, Proprietorship
LAKE COUNTY CONVENTION & VISITORS BUREAU,
   Individual and Corporation, Jointly and Severally
      Defendants.

---

## BRIEF IN SUPPORT OF
## PLAINTIFF'S RESPONSE IN OPPOSITION TO
## DEFENDANT LAKE COUNTY CONVENTION & BUREAU'S
## SECOND MOTION FOR COSTS AND ATTORNEY FEES
## PURSUANT FEDERAL RULE OF CIVIL PROCEDURE 11

### CERTIFICATE OF SERVICE

GREGORY J. REED (P24750)
GREGORY J. REED & ASSOCIATES, PC
Counsel for Plaintiff
1201 Bagley
Detroit, MI 48226
(313) 961-3580

STEPHANIE L. HAMMONDS
LAW OFFICE OF STEPHANIE L HAMMONDS
Attorney for Plaintiff
719 Griswold, Suite 820
Detroit, MI 48226
(313) 340-0440

## LEGAL STANDARD

Rule 11 requires that an attorney or party, certify to the best of his [or her] "knowledge, information, and belief, formed after an inquiry reasonable under the circumstances," that any pleading presented to the court is not presented for an improper purpose, that the claims therein have a legally sufficient basis, and that the allegations and other factual contentions have evidentiary support." Fed. R. Civ. P. 11(b). One of the basic purposes of Rule 11 is to "deter baseless filings in the district court . . . ." *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 393, 110 S.Ct. 2447, 110 L.Ed.2d 359 (1990).

## ARGUMENT

**DOES JANKY'S MOTION FOR ATTORNEY FEES AND COSTS FOR HAVING TO DEFEND AGAINST LCCVB'S MOTION FOR ATTORNEY FEES AND COSTS PURSUANT TO 28 USC § 1927 VIOLATE RULE 11 WHEN IT IS NOT PRESENTED FOR AN IMPROPER PURPOSE, THE CLAIMS THEREIN HAVE A LEGALLY SUFFICIENT BASIS, AND THE ALLEGATIONS AND OTHER FACTUAL CONTENTIONS HAVE EVIDENTIARY SUPPORT?**

Plaintiff Janky answers                "No"

Defendant LCCVB presumable answers     "Yes"

LCCVB contends that Janky's counsel violated Rule 11 by: (1) filing Janky's Motion a Attorney Fees and Costs for Having to Defend against LCCVB's Motion for Attorney Fees Pursuant to 28 U.S.C. § 1927 which they deem to be frivolous and (2) for refusing to withdraw the motion. Neither the facts or the law support LCCVB's position.

For the reasons set forth in both Janky's response and the instant brief, LCCVB's Second Motion for Costs and Attorney Fees Pursuant to Federal Rule of Civil Procedure 11 can and must be denied.

2

LCCVB argues that Janky's motion is frivolous for two reasons:

(1) The motion states that Janky allegedly stated made a statement, the court found that Janky did make the statement that she had not received any settlement offers [which the court determined to be a misstatement of fact] and that Judge Cherry's the Letter to the Court for Inclusion in the Record regarding Ms. Janky's comments during the post trial settlement conference; and

(2) The motion states that the newspaper article which quoted Janky's counsel Gregory J. Reed stating, that Janky would have accepted $50,000 to settle the lawsuit was inadmissible hearsay.

Both arguments ignore the fact that *prior to trial, prior to the post trial settlement conference with Janky and prior to filing their April 2, 2007 motion, LCCVB's counsel knew that Janky's counsel did communicate its settlement offers to Janky because they had in their files a minimum of 10 letters from Janky's counsel which discussed LCCVB's offers and made counteroffers which indicated that carbon copies of each letter had been forwarded to Janky!* See Exhibit A. One of the basic purposes of Rule 11 is to The purpose of Rule 11 is to to "deter baseless filings in the district court . . . ." *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 393, 110 S.Ct. 2447, 110 L.Ed.2d 359 (1990). Clearly Janky's Motion a Attorney Fees and Costs for Having to Defend against LCCVB's Motion for Attorney Fees Pursuant to 28 U.S.C. § 1927 is not baseless, the letters from Janky's counsel provide a factual basis for the motion therefore the motion for Rule 11 Sanctions must be denied. Janky also filed a list of settlement correspondence with the court that disclosed the communication she received prior to the hearing date. Defendants did not adjourn the hearing date after receiving the electronic communication filed with the court and Defendants' office. (Exhibit C)

Nor can LCCVB's Second Motion for Costs and Attorney Fees Pursuant to Federal Rule of Civil Procedure 11 be granted on grounds that Janky's Motion a Attorney Fees and Costs for Having to Defend against LCCVB's Motion for Attorney Fees Pursuant to 28 U.S.C. § 1927 was filed for an improper purpose.

3

Janky's motion seeks to recover costs and attorney fees from LCCVB's counsel because their Motion for Attorney Fees Pursuant to 28 U.S.C. § 1927 reasonably and vextatiously multiplied the proceedings. In fact LCCVB's motion did multiply the proceedings in at least the following ways. First, Janky was forced to incur attorney fees to defend against the motion. Second, as a result of LCCVB's counsel filing the motion, Judge Cherry recused himself from the case and the case had to reassign to another judge. Prior to Judge Cherry's recusal, the court had scheduled LCCVB's motion for hearing on June 6, 2007. As a net result of Judge Cherry's recusal, the hearing was rescheduled for August 2, 2007. **Consequently, LCCVB's counsel conducted an unnecessary hearing for the court and Plaintiff, had parties needlessly prepare for the hearing, Plaintiff's counsel traveled from Michigan to Indiana and LCCVB's counsel multiplied the proceedings by a total of four months from the April 2, 2007 date when they filed their meritless motion until August 2, 2007 when the court justly denied it.**

## CONCLUSION

For all of the foregoing reasons, Plaintiff Cheryl Janky respectfully requests that this Court enter its Order denying Defendant LCCVB's Motion for Costs and Attorney Fees Pursuant to Federal of Civil Procedure 11, awarding Janky her expenses and reasonable attorneys' fees incurred in defending against this Motion and any further relief to which this Court deems just and appropriate.

Dated: November 20, 2007

Respectfully submitted:
s/Gregory J. Reed
GREGORY J. REED (P24750)
Attorney for Plaintiff
1201 Bagley
Detroit, Michigan 48226
(313) 961-3580
gjrassoc@aol.com

4

 s/Stephanie L. Hammonds
Stephanie L. Hammonds (P48097)
Attorney for Plaintiff
719 Griswold, Ste. 820
Detroit, MI 48226
(313) 340-0441
slynn629@aol.com

3C:\Data\Janky\response to Mot for Cost and Attorney Fees 11-20-07.doc

5

**CERTIFICATE OF SERVICE**

I hereby certify that on November 20, 2007, I electronically filed **Plaintiff Cheryl Janky's Response in Opposition to Defendant Lake County Convention & Visitor's Bureau's Second Motion for Costs and Attorney Fees Pursuant to Federal Rule of Civil Procedure 11, Brief in Support of Plaintiff Cheryl Janky's Response in Opposition to Defendant Lake County Convention & Visitor's Bureau's Second Motion for Costs and Attorney Fees Pursuant to Federal Rule of Civil Procedure 11** and this **Certificate Of Service** with the Clerk of the Court using the ECF System which will send notification of such to the following: Robert Goldstein, Timothy J. Jordan, Daniel Kuzman, Stephanie L. Hammonds and I certify that I have mailed by U.S. Mail the foregoing documents to the following non-ECF participant Francois Nabwangu, Esq. 13255 Lake Point Blvd., Belleville, Michigan 48111.

By: s/Gregory J. Reed
Gregory J. Reed (P24750)
Attorney for Plaintiff
1201 Bagley Avenue
Detroit, Michigan 48226
(313) 961-3580
(313) 961-3582 (fax)
gjrassoc@aol.com

By: s/Stephanie L. Hammonds
Stephanie L. Hammonds (P48097)
Attorney for Plaintiff
719 Griswold, Ste. 820
Detroit, MI 48226
(313) 340-0441
slynn629@aol.com

6