```
                   UNITED STATES DISTRICT COURT
                   NORTHERN DISTRICT OF INDIANA
                        HAMMOND DIVISION

CHERYL JANKY,                    )
                                 )
           Plaintiff,            )
                                 )
      v.                         )   Case No. 3:05 CV 217
                                 )
LAKE COUNTY CONVENTION           )
AND VISITORS BUREAU,             )
                                 )
           Defendant.            )
```

OPINION AND ORDER

This matter is before the court on the Motion for Relief form Order Rule 60(b) filed by the plaintiff's attorney, Francois M. Nabwangu, on June 4, 2008. For the reasons set forth below, the motion is **DENIED**.

Background

The pertinent procedural history of the present matter reveals that on July 30, 2007, this court denied three post-trial motions filed by the plaintiff on the eve of a scheduled hearing raising issues under 28 U.S.C. § 1927. (DE 314). In that order, the court ordered the plaintiff's attorneys to show cause why sanctions should not be imposed based upon the frivolous nature of the motions. Each of the motions was signed electronically by the attorneys Gregory Reed, Stephanie Hammonds, and Nabwangu. (DE 310, p. 6; DE 311 p. 3; DE 312, p. 5). The docket indicated that

1

service of this motion was made on Nabwangu at the address he provided to the court with his appearance in this matter. At the August 2, 2007 hearing, which Nabwangu failed to attend, the court addressed the show cause order and imposed sanctions on the attorneys who had signed the frivolous motions.

On August 13, 2007, the three attorneys sought reconsideration of the sanction order in a motion that, again, was signed electronically by Nabwangu. (DE 328, p. 9) This court denied the motion, stating "the basis for this court's sanction, specifically the assertion of frivolous arguments at or near the eve of hearings or deadlines, has been frequent in this matter and merely continues with the plaintiff's most recent filing." The following day, attorneys Reed and Hammonds complied with the order. Nabwangu did not and, on August 20, 2007, an additional sanction $100 per day until the sanction was paid was ordered. (DE 332) The docket reflects that service of this order was made on Nabwangu. In addition, around this time, representatives from Nabwangu's office telephoned the clerk's office to discuss methods of payment.

However, by April 25, 2008, the sanction was not paid, and this court entered an order noting that the sanction had reached $23,700.00 and increased the sanction to $250 per day. The court further directed the clerk to serve a copy of the order on the office of the United States Attorney for the Northern District of

Indiana and the attorney discipline board of the Michigan Supreme Court.

On June 4, 2008, Nabwangu filed his motion for relief from the order.

## Discussion

The plaintiff now seeks reconsideration of this ruling pursuant to Federal Rule of Civil Procedure 60(b). This rule provides for relief from judgment for a series of reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.

The final provision in Rule 60(b) is a "catch-all" provision that has no application if another section of Rule 60(b) is controlling. ***Arrieta v. Battaglia***, 461 F.3d 861, 865 (7th Cir. 2006)("[T]he first three clauses of Rule 60(b) and the catchall clause are mutually exclusive.") In any case, relief under Rule 60(b)(6) is granted in only "extraordinary circumstances." ***Arrieta***, 461 F.3d at 865; ***Karraker v. Rent-A-Center***, 411 F.3d 831, 837 (7th Cir. 2006)("Rule 60(b)(6)

3

is not an appropriate place to slip in arguments that should have been made earlier.")

"Under Rule 60(b)(1), generally attorney inattentiveness to litigation is not excusable, no matter what the resulting consequences the attorney's somnolent behavior may have on a litigant and regardless of the attorney's degree of culpability." **Longs v. City of South Bend**, 201 Fed. Appx. 361, 364 (7th Cir. 2006) (*citing* **Easley v. Kirmsee**, 382 F.3d 693, 698 (7th Cir. 2004); **McCormick v. City of Chicago**, 230 F.3d 319, 327 (7th Cir. 2000) ("neither ignorance nor carelessness on the part of the litigant or his attorney provide grounds for relief under Rule 60(b)(1)").

Nabwangu first argues that the sanctions were ordered *sua sponte*, denying him a reasonable opportunity to respond. This assertion is belied by the record. The attorneys who signed the motions giving rise to the sanctions were provided an opportunity to show cause on July 30, 2007. Nabwangu indicated in his current motion, almost a year after the fact, that he was en route to the August 2, 2007 hearing and failed to appear only because he experienced car trouble. In light of these details, notwithstanding the court's records indicating service of the notice of this hearing and the show cause order, it is difficult to fathom how Nabwangu failed to receive notice of the hearing. The conclusion left to be drawn is that an attorney who was

4

prevented from attending his own sanction hearing nevertheless returned to his office and never took responsibility to check the docket to learn the results of this hearing.

Shortly after the hearing, Nabwangu' signature appeared on a motion seeking reconsideration of the sanctions, and he was served with the order denying this motion. His co-counsel paid their sanctions, but he did not and, within 5 days, again was served with an order regarding these sanctions. Nabwangu has ignored these orders or apparently has found no reason to check the docket for several months.

Nabwangu has not indicated on which provision of Rule 60(b) he seeks relief. Perhaps he seeks relief under Rule 60(b)(1). However, in referencing mistake, inadvertence, or excusable neglect, this provision is not intended as a remedy to the extreme degree of neglect demonstrated by Nabwangu's failure to address sanctions of which he clearly had notice. *See* **Harrington v. City of Chicago**, 433 F.3d 542, 546 (7th Cir. 2006)("attorney inattentiveness to litigation is not excusable, no matter what the resulting consequences the attorney's somnolent behavior may have on a litigant.")

Nabwangu, who has suggested that the lack of notice may have violated his due process rights, consequently also may be attempting to invoke Rule 60(b)(4). *See e.g.* **Bardney v. United States**, No. 97-1769, 97-1953, 1998 WL 416511 at * 4 (7th Cir.

5

June 16, 1998)(*citing* **Simer v. Rios**, 661 F.2d 655, 663 (7th Cir. 1981). However, as already discussed, the facts do not support the assertion that Nabwangu was without notice of the show cause order, the hearing, the sanctions, or the subsequent orders increasing sanctions. Further, the court's records, indicating that service was made by mail, raise a rebuttable presumption of service. *See* **Bardney**, 1998 WL 416511 at * 4 (*citing* **Godfrey v. United States**, 997 F.2d 335, 338 (7th Cir. 1993)). Nabwangu has not acknowledged or addressed this presumption.

Nabwangu also has suggested that his co-counsel placed Nabwangu's signature on filings without his permission, and presumably, knowledge. To the degree that he now argues that this is a circumstance that falls under some provision of Rule 60(b), he has not indicated which provision. Further, assuming such a problem in fact occurred – a detail the court may only assume because Nabwangu has offered nothing to support this assertion – that fact would say nothing regarding Nabwangu's failure to respond on his own behalf to a consistent flow of orders addressing sanctions in this matter or to have offered this detail in response initial order to show cause order. After the fact arguments such as these are inherently untrustworthy. Accordingly, the motion is **DENIED**.

_____

For the forgoing reasons, the Motion for Relief form Order Rule 60(b) filed by the plaintiff's attorney, Francois M. Nabwangu, on June 4, 2008 is **DENIED**. The court notes that the sanctions now total $49,200.00 (forty-nine thousand and two hundred dollars) and continue to increase at the rate of $250.00 per day.

ENTERED This 5th day of August, 2008

/s/ Andrew P. Rodovich
United States Magistrate Judge